IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Northern Division
No. 5:17-CV-132-FL

| | |
|---|---|
| GREGORY K. MORGAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MASSACHUSETTS MUTUAL LIFE )<br>INSURANCE COMPANY and affiliates, )<br>)<br>Defendant. ) | **ORDER ON PLAINTIFF'S<br>MOTION TO SEAL** |

This matter comes before the Court on Plaintiff's Motion to Seal portions of Defendant's Local Civil Rule 56.1 Statement of Material Facts ("Defendant's Statement") [Doc 31]; Defendant's Appendix to Local Civil Rule 56.1 Statement of Material Facts ("Defendant's Appendix") [Doc. 32]; as well as Plaintiff's Appendix of Exhibits to Local Rule 56.1 Statement of Material Facts [Doc. 38]*("Plaintiff's Appendix"). Plaintiff's Appendix of Exhibits has been re-filed corrected and redacted. [Doc. 40].

WHEREAS, portions of Defendant's Statement, Defendant's Appendix, , and Plaintiff's Appendix (collectively, the "Filings") contain non-public commercial information belonging to Quality Equipment, including (1) information regarding Quality Equipment's confidential business strategies or transactions; (2) confidential communications with Quality Equipment's most significant supplier; (3) undisclosed financial information, including Quality Equipment's budget, distributions and specific compensation for its employees; and (4) Plaintiff's private health information are protected by the Health Insurance Portability and Accountability Act ("HIPPA").

---

* DE 32 and DE 38 have been refiled as corrected at DE 49 and DE 51.

WHEREAS, the portions of the Filings at issue in the Motion to Seal have been designated "Confidential" pursuant to the Consent Protective Order [Doc. 25] in this case; and

WHEREAS, it appears to the Court that the parties believe that consideration of the information set forth in the Filings and at issue in the Motion to Seal is necessary for the parties to present their arguments for their respective Motions for Summary Judgment [Doc. 27 and 36]; and

WHEREAS, the public's right to access to such information is outweighed by the interest the provisions of by the Health Insurance Portability and Accountability Act ("HIPPA") protecting against its public disclosure; and

WHEREAS, the Court has provided notice to the public of Plaintiff's Motion to Seal; and

WHEREAS, it appears that less restrictive alternatives to sealing would not be practical or adequate to preserve the confidentiality of the information in question;

NOW, THEREFORE, upon consideration of Plaintiff's Motion to Seal, and the entire record herein, it is hereby

ORDERED that Plaintiff's Motion to Seal is hereby GRANTED; and it is

FURTHER ORDERED that the Plaintiff's Appendix, Doc. 38, p 9-11, 15-17, 19-21, and 158-169] as well as five (5) pages Defendant's Appendix. [Doc. 32, p 221-123 and 125-126] be FILED UNDER SEAL.* Corresponding pages in those documents refiled at DE 49 and 51 also shall be FILED UNDER SEAL.

SO ORDERED, this the _13th_ day of __April_____, 2018.

                                                LOUISE W. FLANAGAN
                                                United States District Judge